OPINION
Defendant-Appellant, Faron S. Rouse ("Appellant"), appeals the judgment of the Common Pleas Court of Auglaize County sentencing him to maximum, consecutive prison terms on one count of aggravated vehicular homicide and one count of possession of drugs. For the following reasons, we affirm in part and reverse in part the judgment of the trial court.
The pertinent facts and procedural history of the case are as follows. In November of 1998, Appellant was indicted by the Auglaize County Grand Jury and charged with one count of aggravated vehicular homicide, one count of possession of drugs, and one count of driving under the influence.[1]
On November 9, 1998, Appellant pleaded not guilty to all three counts. On February 9, 1999, Appellant entered a guilty plea to one count of aggravated vehicular homicide and one count of possession of drugs. In exchange for Appellant's plea, the charge of driving under the influence was dismissed by the State.
The sentencing hearing was held on April 1, 1999. At the hearing, the trial court imposed the maximum terms on both counts and ordered the sentences to be served consecutively.
Appellant now appeals, asserting the following sole assignment of error.
 ASSIGNMENT OF ERROR The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in Ohio Revised Code, Section 2929.13 and 2929.14 resulting in the Defendant-Appellant receiving the maximum possible sentence on each count and in failing to follow Section 2929.19(b) by running the sentences consecutively to each other.
Appellant maintains in his sole assignment of error that the trial court erred in the sentencing phase of his trial. Specifically, Appellant asserts that the trial court erred in imposing the maximum sentences for each offense and further erred in failing to make the required statutory findings before sentencing him to consecutive sentences.
We first note that R.C. 2953.08(G)(1) allows a reviewing court to vacate a sentence and remand it to the trial court for resentencing if the appellate court finds, by clear and convincing evidence, that: "(a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law."
In the case before us, Appellant pleaded guilty to the offense of aggravated vehicular homicide?a violation of R.C.2903.06(A), and a felony of the third degree. See R.C.2903.06(B). A trial court may impose a term of imprisonment of one to five years for a felony of the third degree. See R.C.2929.14(A)(3). Appellant was sentenced to a term of five years in prison for the offense. Appellant was also found guilty of possession of drugs? a violation of R.C. 2925.11 and a felony of the fifth degree. See R.C. 2925.11(C)(4)(a). A trial court may impose a term of imprisonment of six to twelve months in prison for a felony of the fifth degree. See R.C. 2929.14(A)(5).
Pursuant to Senate Bill 2, a prison term may be imposed in two ways. If the court makes a finding that at least one factor enumerated in R.C. 2929.13(B)(1) is applicable, the court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C.2929.13(B)(2)(a). In doing so, the trial court is guided by the pertinent seriousness and recidivism factors enumerated in R.C.2929.12. If the trial court finds after this review that (1) a prison term is consistent with the purposes and principles of felony sentencing, and (2) the offender is not amenable to community control, then the court is required to impose a prison term. R.C. 2929.13(B)(2)(a).[2]
A prison term may also be imposed when the trial court does not make a finding that at least one factor under R.C.2929.13(B)(1) is applicable to the offender. In this situation, the trial court reviews whether community control is consistent with the purposes and principles of felony sentencing in the individual case by considering, once again, the factors enumerated in R.C. 2929.12. R.C. 2929.13(B)(2)(b). If appropriate under the circumstances, the trial court is required to impose a community control sanction or a combination of community control sanctions upon the offender. If not, the trial court retains its broad discretion to fashion a sentence consistent with R.C. 2929.11(A). R.C. 2929.13(A).
A term of imprisonment must be "reasonably calculated" to achieve the overriding purposes of sentencing pursuant to R.C. Chapter 2929. The sentence must also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). A court may impose the longest prison term authorized only upon felony offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders, and upon certain repeat violent offenders. R.C. 2929.14(C).
This Court has repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 292914, and 2929.19 which in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid." State v. Bonanno (June 24, 1999), Allen App. No 1-98-59 and 1-98-60, unreported; see, also, State v. Martin (June 23, 1999), Allen App. No. 1-98-81, unreported. We concluded that a trial court must strictly comply with the relevant sentencing statutes by making such findings on the record at the sentencing hearing. Bonanno, supra, at 6. Further, when required, the court must also state its particular reasons for doing so. Id.
In the case before us, with respect to the charge of aggravated vehicular homicide, the trial judge stated on the record at the sentencing hearing that Appellant had committed the worst form of the offense and, further, posed the greatest likelihood of committing future crimes. The trial judge also stated in sufficient detail his findings and reasons for imposing the maximum sentence upon Appellant. Thus, Appellant's argument with respect to that charge is not well-taken.
With respect to the charge of possession of drugs, a review of the record reveals that the trial judge did not set forth the required findings for imposing a maximum sentence. Without these required findings and the reasons supporting these findings in the record, the sentence is incomplete and invalid. Thus, Appellant's argument with respect to that charge is well-taken, and the case must be remanded for resentencing on that issue.
Appellant next maintains that the trial court did not make the required findings before sentencing him to consecutive sentences. R.C. 2929.14(E) states in pertinent part, as follows:
 (3) If multiple prison terms are imposed on offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
When consecutive sentences are imposed under R.C. 2929.14, the trial court must also follow the requirements set forth in R.C.2929.19(B). R.C. 2929.19(B)(2)(c), states in pertinent part, as follows:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under [R.C. 2929.14], its reasons for imposing the consecutive sentences;
In the case before us, a review of the transcript of the hearing reveals that the trial judge stated on the record that the imposition of consecutive sentences was necessary to protect the public from future crime and to punish Appellant. Further, the trial judge found that the imposition of consecutive sentences was not disproportionate to the seriousness of Appellant's conduct and to the danger Appellant posed to the public. The trial judge also noted that the harm caused by Appellant's offenses was so great or unusual that no single prison term for either of the offenses could adequately reflect the seriousness of his conduct.
Pursuant to the foregoing, the trial judge complied with the statutory requirements of R.C. 2929.14(E) in sentencing Appellant to consecutive prison terms. We note, however, that the trial court failed to set forth its reasons for imposing consecutive sentences on Appellant, as required by R.C. 2929.19(B)(2)(c). Therefore, Appellant's argument is well-taken, and the case must be remanded for resentencing on that issue.
The judgment of the Common Pleas Court of Auglaize County is hereby affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part.
 BRYANT, P.J., and WALTERS, J. concur.
[1] The charge of aggravated vehicular homicide carried with it an enhancement specification.
[2] We also find no error in the trial court's conclusion that the seriousness and recidivism factors enumerated in R.C. 2929.12
support the finding that Appellant's prison term is consistent with the purposes and principles of sentencing.